WO

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

United States of America,
Plaintiff,
v.
Alejandro Garcia,
Defendant.

No. CR-26-01378-001-TUC-AMM (LCK)

**ORDER**

Pending before the Court are the Government's Motion in Limine to Admit Defendant's Non-Custodial Silence (Doc. 30) and the Government's Motion in Limine to Exclude Disclosed Documents Containing Hearsay (Doc. 31). The motions are fully briefed. (Docs. 55–56.) The Court heard argument on the motions at the Final Pretrial Conference on October 20, 2026. For the following reasons, the Court will deny both motions in limine.

## I. The Government's Allegations

Defendant is charged with one count of Attempted Reentry of Removed Alien in violation of 8 U.S.C. § 1326(a). (Doc. 12.)

The allegations are as follows: On March 6, 2026, Defendant presented himself for entry via the pedestrian lanes at the DeConcini Port of Entry in Nogales, Arizona. (Doc. 57 at 1.) While at primary inspection, Defendant claimed to be a United States citizen and that his name was "Alejandro Zatarain." (*Id.*) Defendant explained that he had various documents with him to prove his United States citizenship, but none of the documents were

forms of identification that could assist Customs and Border Protection ("CBP") officers in verifying his identity. (*Id.* at 1–2.) Defendant was sent to secondary inspection, which is a separate room within the Port of Entry. While searching Defendant's belongings at secondary inspection, a CBP officer discovered a Mexican passport matching Defendant's identity with the name "Alex Medina Garcia." (*Id.* at 2.) When the CBP officer asked Defendant why the name on the passport did not match the name he had given the CBP officer at primary inspection, Defendant remained silent and offered no response. (*Id.*)

Defendant's position is that he was born in Phoenix, Arizona, and thus is a United States citizen. (Doc. 59 at 1.)

**II. Government's Motion in Limine to Admit Defendant's Non-Custodial Silence**

The Government seeks to elicit testimony from the CBP officer at secondary inspection that Defendant remained silent when confronted with the Mexican passport. (Doc. 30 at 2.) The Government argues that such testimony is proper because Defendant's "non-custodial" silence has no constitutional implications and may be used as substantive evidence of guilt and as impeachment. (*Id.* at 3.) The Government asserts that "[i]f the defendant had genuinely believed that he was a United States citizen, he would have likely tried to explain the naming discrepancy to the secondary inspection officer or otherwise attempt to demonstrate that he was a United States citizen." (*Id.*) The Defense does not object to the Government eliciting the CBP officer's testimony regarding Defendant's alleged silence because Defendant disputes that any such silence occurred. (Doc. 56.)

Notwithstanding the Defense's non-objection, the Court must nevertheless conduct its own inquiry to ensure the evidence is properly before the jury. Fed. R. Evid. 103(d) ("To the extent practicable, the court must conduct a jury trial so that inadmissible evidence is not suggested to the jury by any means."). "Generally, comments on a defendant's silence violate the Fifth Amendment privilege against self-incrimination." *United States v. Fraijo*, No. R2000248001TUCJCHDTF, 2022 WL 1013804, at *2 (D. Ariz. Apr. 5, 2022) (citing *United States v. Busyhead*, 270 F.3d 905, 911 (9th Cir. 2001)). However, a defendant may be impeached with their pre-arrest, noncustodial silence if they choose to

testify at trial. *Jenkins v. Anderson*, 447 U.S. 231, 239 (1980). Further, pre-arrest, pre-*Miranda* silence may be used as substantive evidence of guilt. *United States v. Oplinger*, 150 F.3d 1061, 1065–67 (9th Cir. 1998) (overruled on other grounds); *United States v. Beckman*, 298 F.3d 788, 795–96 (9th Cir. 2002).

In *Beckman*, the defendant was convicted of smuggling marijuana from Mexico into the United States. 298 F.3d 788, 790–91. The defendant testified at trial that he had been tricked into importing marijuana. *Id.* In its closing argument, the government suggested that "if [the defendant's] courtroom testimony about being tricked was actually true[,] he would have offered it at primary inspection." *Id.* at 795. The Ninth Circuit held that no error resulted from the government's summation commentary on the defendant's failure to offer his defense at primary inspection. *Id.*

The Court finds *Beckman* distinguishable. In *Beckman*, the government commented on the defendant's omission of his defense at primary inspection, not his silence in the face of evidence presented against him. Here, that is not the case. Instead, the objective circumstances in this case show that Defendant fell silent after an officer in secondary inspection found a Mexican passport in his personal belongings and asked why it did not match the name he had just given the CBP officer at primary inspection. Defendant allegedly remained silent upon being confronted with this potentially inculpatory question. Introduction of such evidence is precluded, as it is well settled that "[t]he prosecution may not ... use at trial the fact that [a defendant] stood mute … in the face of accusation." *Miranda v. Arizona,* 384 U.S. 436, 468 n. 37 (1966).

Moreover, it appears this line of questioning occurred in a custodial setting. Custody is determined by looking to the objective circumstances of the interrogation. *United States v. Butler*, 249 F.3d 1094, 1099 (9th Cir. 2001). Though Defendant was not handcuffed or placed in a cell at secondary inspection, Defendant was placed in a separate room, and his belongings were placed in a bin separated from his physical person. A reasonable person, under such circumstances, would not believe he was free to leave during this interrogation. *United States v. Doe*, 219 F.3d 1009, 1014 (9th Cir. 2000) ("To determine when [the

defendant] was arrested and taken into custody, we must determine when a reasonable person would have believed that he was not free to leave." (citations and quotations omitted)).

Thus, the Court will deny the Government's Motion in Limine to Admit Defendant's Non-Custodial Silence. The alleged silence at issue was likely custodial, and "[t]he prosecution may not ... use at trial the fact that [a defendant] stood mute ... in the face of accusation." *Miranda*, 384 U.S. at 468 n. 37.

## III. Government's Motion in Limine to Exclude Disclosed Documents Containing Hearsay

The Government seeks to exclude documents previously disclosed by Defendant and documents found in Defendant's belongings at the Port of Entry as hearsay. (Doc. 31 at 1.) In its motion, the Government specifically identified (1) a notarized letter written in Spanish purportedly written by a midwife who delivered Defendant,[1] (2) an "Affidavit of Facts of Birth" completed by Defendant's mother,[2] (3) an "Outpatient Clinic Discharge Instruction Sheet," and (4) Defendant's vaccination records. (*Id.* at 1–2.) The Defense also indicates in its Exhibit List that it seeks to introduce a "Letter from Ms. Herminia Romero," who was a neighbor present at the time of Defendant's birth.[3] (Doc. 58.)

The Defense seeks to admit the documents both (1) to prove that Defendant was born in the United States and (2) to prove Defendant's belief that he is a United States citizen. (Doc. 59 at 2–5.)

### A. Statements Offered for the Truth of the Matter Asserted

Hearsay is "a statement that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers into evidence to prove the truth of the matter

---

[1] This document is listed as "Notarized Letter from Ms. Carmen Mendoza" in the Defense's Exhibit List. (Doc. 58.)

[2] This document is listed as "Affidavit of Facts of Birth Filled Out and Signed by Ms. Julieta Garcia" in the Defense's Exhibit List. (Doc. 58.) At the Final Pretrial Conference, the Defense indicated that Defendant's mother refuses to testify despite efforts to obtain her trial deposition.

[3] A document entitled "School Request for Proof of Identity" is also listed on the Defense's Exhibit List. (Doc. 58.) The Defense, on its own volition, withdrew that proposed exhibit at the Final Pretrial Conference.

asserted in the statement." Fed. R. Evid. 801(c). Hearsay is inadmissible unless subject to an exception. Fed. R. Evid. 802. The Defense argues that documents "addressing Defendant Garcia's birth," i.e. the letters from Ms. Mendoza and Ms. Romero and Ms. Garcia's affidavit, fall under the statement of personal or family history exception to the rule against hearsay or, in the alternative, the residual hearsay exception. (Doc. 55 at 3.)

**1. Statement of Personal or Family History**

Under Rule 804(b)(4), the following is not excluded by the rule against hearsay if the declarant is unavailable as a witness:

> A statement about:
>
> (A) the declarant's own birth, adoption, legitimacy, ancestry, marriage, divorce, relationship by blood, adoption, or marriage, or similar facts of personal or family history, even though the declarant had no way of acquiring personal knowledge about that fact; or
>
> (B) another person concerning any of these facts, as well as death, if the declarant was related to the person by blood, adoption, or marriage or was so intimately associated with the person's family that the declarant's information is likely to be accurate.

Fed. R. Evid. 804(b)(4).

A statement of personal or family history is only an exception to the rule against hearsay if the declarant is unavailable as a witness. *Id.* Under Rule 804(a), a declarant is unavailable when she:

> (1) is exempted from testifying about the subject matter of the declarant's statement because the court rules that a privilege applies;
>
> (2) refuses to testify about the subject matter despite a court order to do so;
>
> (3) testifies to not remembering the subject matter;
>
> (4) cannot be present or testify at the trial or hearing because of death or a then-existing infirmity, physical illness, or mental illness; or
>
> (5) is absent from the trial or hearing and the statement's proponent has not been able, by process or other reasonable means, to procure:
>
> […]
>
> (B) the declarant's attendance or testimony, in the case

> of a hearsay exception under Rule 804(b)(2), (3), or (4).

Fed. R. Evid. 804(a). Rule 804(a)(5) "requires that the proponent of using the testimony make a 'genuine and bona fide' and 'diligent effort' to secure the witness's voluntary attendance at trial." *Evans v. California Comm'n on Peace Officers Standards & Training*, No. 2:15-CV-01951-DJC-SCR, 2025 WL 1142437, at *12 (E.D. Cal. Apr. 18, 2025) (quoting *Knickerbocker v. Corinthian Coll., Inc.*, No. 12-cv-01142-JLR, 2013 WL 12414926, at *2 (W.D. Wash. July 10, 2013)) (finding a declarant's statement did not fall within Rule 804's hearsay exception because the defense failed to show that it had taken any steps to procure the declarant's attendance at trial); *see also United States v. Yida*, 498 F.3d 945, 952 (9th Cir. 2007) ("[E]ven where the absent witness is beyond the court's jurisdiction, the government must show diligent effort on its part to secure the witness' voluntary return to testify." (cleaned up)).

**2. Residual Hearsay Exception**

Under the residual hearsay exception, a hearsay statement is not excluded by the rule against hearsay if:

> (1) the statement is supported by sufficient guarantees of trustworthiness—after considering the totality of circumstances under which it was made and evidence, if any, corroborating the statement; and
>
> (2) it is more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts.

Fed. R. Evid. 807(a). The residual hearsay exception "is not to be used as a new and broad hearsay exception, but rather is to be used rarely and in exceptional circumstances." *Fong v. Am. Airlines, Inc.*, 626 F.2d 759, 763 (9th Cir. 1980).

**3. Notarized Letter from Ms. Carmen Mendoza**

Ms. Mendoza's letter is inadmissible to prove the truth of the matter asserted because it is an out-of-court statement that does not fall under a hearsay exception.

First, Ms. Mendoza's letter does not fall under the personal or family hearsay exception. Ms. Mendoza is not unavailable under Rule 804(a) because the Defense has not

shown a diligent effort on its part to secure Ms. Mendoza's attendance or testimony. The Defense fails to provide any specific efforts it made to locate her. As such, Ms. Mendoza is not unavailable under Rule 804(a) and, accordingly, her letter does not fall under the statement of personal or family history exception in Rule 804(b)(4).

Second, Ms. Mendoza's letter does not fall under the residual hearsay exception because the Defense has failed to point to "sufficient guarantees of trustworthiness" in the letter as required by Rule 807.

Accordingly, Ms. Mendoza's letter is inadmissible to prove that Defendant was born in the United States.

**4. Letter from Ms. Herminia Romero**

Similarly, Ms. Romero's letter is inadmissible to prove the truth of the matter asserted because it is an out-of-court statement that does not fall under a hearsay exception.

First, Ms. Romero's letter does not fall under the personal or family hearsay exception. Ms. Romero is not unavailable under Rule 804(a) because the Defense has not shown a diligent effort on its part to secure Ms. Romero's attendance or testimony. Defense counsel indicates he believes an investigator tried to locate Ms. Romero but fails to provide any specific efforts the investigator made to locate her. As such, Ms. Romero's letter does not fall under the statement of personal or family history exception in Rule 804(b)(4) because the Defense has not shown that she is unavailable under Rule 804(a).

Second, Ms. Romero's letter does not fall under the residual hearsay exception because the Defense has failed to point to any "sufficient guarantees of trustworthiness" as required by Rule 807.

Thus, the letter from Ms. Herminia Romero is also inadmissible to prove that Defendant was born in the United States.

**5. Affidavit of Facts of Birth Completed by Ms. Julieta Garcia**

Ms. Garcia's affidavit is admissible to prove the truth of the matter asserted as a statement of personal or family history. As a preliminary matter, Ms. Garcia, Defendant's mother, is unavailable under Rule 804(a)(5). The Defense has contacted Ms. Garcia and

attempted to schedule a deposition, but Ms. Garcia refused to participate in a deposition. Further, the Defense asserts that it is unable to subpoena Ms. Garcia because she is outside of the jurisdiction of this Court. As such, the Court finds Ms. Garcia is unavailable under Rule 804(a)(5) because the Defense has made a diligent effort to secure her attendance or testimony, yet she will not testify.

Ms. Garcia's affidavit is also a statement of personal or family history under Rule 804(b)(4). The affidavit is unequivocally a statement about Defendant's birth made by Defendant's mother, Ms. Garcia. *United States v. Duarte*, 618 F. App'x 894, 896 (9th Cir. 2015) (finding the statements a defendant's deceased mother made on an immigration form completed on behalf of the defendant admissible under the hearsay exception for statements of personal or family history).

As such, Ms. Garcia's affidavit is admissible to prove that Defendant was born in in the United States.

**B. Statements Offered for Their Effect on Listener**

The Defense also seeks to admit these documents to prove Defendant's belief that he is a United States citizen. "[A]n out-of-court statement is *not* hearsay if offered for any purpose other than the truth of whatever the statement asserts." *United States v. Lopez*, 913 F.3d 807, 826 (9th Cir. 2019) (emphasis in the original); *see also* Fed. R. Evid. 801(c)(2). "One common application of this principle is admitting a declarant's out-of-court statement for the purpose of establishing what effect it had on the listener." *Lopez*, 913 F.3d at 826; *see also United States v. Lan Thi Tran Nguyen*, 502 F. App'x 678, 681 (9th Cir. 2012) (finding statements were not inadmissible hearsay because they were not offered to prove the truth of the matter asserted, but rather were offered to show a defendant's knowledge or reasonable cause to believe).

Attempted Reentry of Removed Alien in violation of 8 U.S.C. § 1326(a) is a specific intent crime. *United States v. Smith-Baltiher*, 424 F.3d 913, 923 (9th Cir. 2005). In *Smith-Baltiher*, the Ninth Circuit reasoned that a defendant's mistaken belief that he was a United States citizen, if proved, "would negate the mens rea element of the § 1326 attempt charge."

*Id.* at 924.

Here, statements communicated to Defendant about his birth and upbringing before his alleged attempted reentry on March 6, 2026—particularly those contained in documents which he brought to the Port of Entry in an attempt to prove his citizenship—may be relevant to whether Defendant believed that he was a United States citizen at the time of his attempted reentry. Whether Defendant believed he was a United States citizen at the time of his attempted reentry bears directly on Defendant's specific intent to illegally reenter the United States. Thus, the letters and documents found in Defendant's belongings at the Port of Entry may be admitted if offered to prove Defendant's belief about his citizenship prior to his alleged attempted reentry on March 6, 2026.

The Court will provide a limiting instruction that the documents are offered for the limited purpose of proving Defendant's belief about his citizenship. Fed. R. Evid. 105 ("If the court admits evidence that is admissible … for a purpose — but not … for another purpose — the court, on timely request, must restrict the evidence to its proper scope and instruct the jury accordingly."). As previously stated, Ms. Garcia's affidavit may also be offered to prove that Defendant was born in the United States.

Accordingly,

**IT IS ORDERED** that the Government's Motion in Limine to Admit Defendant's Non-Custodial Silence is **DENIED**. (Doc. 30.)

**IT IS FURTHER ORDERED** that the Government's Motion in Limine to Exclude Disclosed Documents Containing Hearsay is **DENIED**. (Doc. 31.)

Dated this 26th day of October, 2026.

Honorable Angela M. Martinez
United States District Judge